Brent G. Summers, OSB 824060
150 SW Harrison Street, Suite 200
Portland OR 97201
Phone:  503.968.9000
Fax:  503.968.9002
brent.summers@tnslaw.net
Of Attorney's for Creditor Lisa J. Woodard

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

| | |
|---|---|
| In re: | )  Case No. 14-32050-elp13 |
| | ) |
| MICHAEL MADISON O'NEILL, | )  OBJECTION TO DEBTOR'S |
| | )  CHAPTER 13 PLAN |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |

Lisa J. Woodard, formerly Lisa J. O'Neill, is the Debtor's former spouse.

Ms. Woodard objects to Debtor's Chapter 13 Plan (the "Plan") based on the following:

1.  On November 2, 2012, an equalizing General Judgment and Money Award was entered in Multnomah County Circuit Court Case No. 1201-60228, awarding Ms. Woodard the principal amount of $70,000.00, plus interest at the rate of nine percent (9%) per annum from the date the judgment was entered until fully paid (the "Equalizing Judgment").  A copy of the Equalizing Judgment is attached as Exhibit 1.

2.  The Equalizing Judgment is a lien against the Debtor's real property.  The Equalizing Judgment additionally directed that the parties were to immediately list and sell the real property which consisted of the family home located at 8044 NE Glisan Street, Portland, Oregon, and commercial real property located at 601 NE 73rd, Portland, Oregon, and that the parties were directed to cooperate with the sale.

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
30305 0001 010 llv pld Objection to Chapter 13
Plan.doc\Brent G/5/15/2014-1

3.   Despite demand therefore, Debtor has failed and refused to sell or refinance the commercial real property in accordance with the Equalizing Judgment in order to fulfill the Debtor's payment obligations to Ms. Woodard and satisfy the Equalizing Judgment.  Debtor has been in default of his obligation to sell or refinance the commercial real property and satisfy Ms. Woodard's Equalizing Judgment since January 14, 2013.

4.   On October 28, 2013 Ms. Woodard caused a Writ of Execution to be issued directing the Sheriff of Multnomah County, Oregon to sell the commercial real property. Copies of the papers setting forth the balance due Ms. Woodard are attached as Exhibit 2. The sums due Ms. Woodard exceeds $79,251.44 as of May 15, 2014 with interest accruing at the Equalizing Judgment rate of nine percent (9%) per year (per diem $17.26).

5.   Paragraph 2(b)(1) of the Debtor's Chapter 13 Plan provides for monthly payments to Ms. Woodard on account of her secured claim in the amount of $200 each month (after payment of arrearages to Multnomah County for real property taxes on the commercial real property).  Such monthly payments totaling $2,400 per year do not pay the annual interest accruing on Ms. Woodard's secured claim in excess of $6,300 per year.

6.   At the meeting of creditors conducted pursuant to Section 341(a) on May 6, 2014, the Debtor stated he would begin to seek a refinance of the commercial real property in order to pay Ms. Woodard's secured claim on the forty-eighth (48th) month of his sixty (60) month Chapter 13 Plan.  There is no such provision in the Plan as filed, however, the Chapter 13 Trustee's representative at the meeting of creditors required a new Paragraph 12 be added to the Plan calling for payment of Ms. Woodard's secured claim (and that of another lien creditor—the Debtor's former divorce lawyer—when added to Ms. Woodard's claim total in excess of $175,000).

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
30305 0001 010 llv pld Objection to Chapter 13
Plan.doc\Brent G/5/15/2014-1

7.   Ms. Woodard objects to confirmation of any Plan that does not give full faith and credit to the terms of the Equalizing Judgment under which the Debtor is in default for more than a year by requiring the *immediate* sale of the commercial real property to satisfy Ms. Woodard's secured claim.  Ms. Woodard also objects to the monthly plan payments that will cause her secured claim to grow each month and she is also seeking relief from the automatic stay and requesting that the court to allow her to pursue her Writ of Execution and sale of the commercial real property in state court.

Dated this 15th day of May, 2014.

TARLOW NAITO & SUMMERS, LLP

s/Brent G. Summers
Brent G. Summers, OSB No. 824060
Of Attorneys for Creditor Lisa J. Woodard

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*30305 0001 010 llv pld Objection to Chapter 13 Plan.doc\Brent G/5/15/2014-1*

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing OBJECTION TO DEBTOR'S

CHAPTER 13 PLAN by the following indicated method or methods:

    ☒    by electronically serving through the **ECF/CM** system, a true and correct copy to all attorneys registered to receive electronic service in this case.

    ☐    by **email** of a, true and correct copy to the attorney(s) listed above, at:

    DATED:  May 15, 2014.

    TARLOW NAITO & SUMMERS, LLP

    s/Brent G. Summers
    Brent G. Summers, OSB No. 824060
    Of Attorneys for Creditor Lisa J. Woodard

Tarlow Naito & Summers, LLP
150 SW Harrison Street, Suite 200
Portland OR 97201
Ph:  503.968.9000  Fax:  503.968.9002
*30305 0001 010 llv pld Objection to Chapter 13*
*Plan.doc\Brent G/5/15/2014-1*

1

2

3

4              IN THE CIRCUIT COURT OF THE STATE OF OREGON
                        FOR THE COUNTY OF MULTNOMAH
5                        Department of Domestic Relations

In the Matter of the Marriage of:            )
6                                             )
   LISA J. O'NEILL,                           )
7                                             )   No. 1201-60228
                Petitioner,                   )
8                                             )   GENERAL JUDGMENT OF
                and                           )   DISSOLUTION OF MARRIAGE,
9                                             )   MONEY AWARD FOR CHILD
   MICHAEL MADISON O'NEILL,                   )   SUPPORT AND DIVISION OF
10                                            )   PROPERTY
                Respondent.                   )
11

12          This matter came before the court based on the files and documents submitted herein and

    on the stipulation of the parties for the entry of a general judgment dissolving this marriage.
13
    Petitioner is represented by Robert Demary of Gevurtz, Menashe, Larson & Howe, P.C.  Steven
14
    Allen Smith, of Steven Allen Smith, P.C. represented Respondent.  The court having been
15
    presented with this form of General Judgment of Dissolution of Marriage, having reviewed the
16
    records and documents on file herein, and being fully advised in the premises, makes the
17
    following findings:
18
            1.      There exist between Petitioner and Respondent irreconcilable differences which
19
    have caused the irremediable breakdown of their marriage.
20
            2.      The court has jurisdiction over Petitioner and Respondent.
21

         PAGE 1 -    GENERAL JUDGMENT OF DISSOLUTION OF        Steven Allen Smith, P.C.
                     OF MARRIAGE, MONEY AWARD FOR              5745 Ne Glisan Street
                     CHILD SUPPORT AND DIVISION OF             Portland, Oregon 97213
                     PROPERTY                                  (503) 228-7256 Fax (503) 228-1540
                                                              sas@peace-making.com

**Exhibit 1**
**Page 1 of 30**

1       2.1     There is no other domestic relations suit or support petition pending between the

2   parties in this or any other state.

3       2.2     Both parties have been residents of and domiciled in the state of Oregon

4   continuously for six months immediately prior to the filing of the petition for dissolution of

5   marriage.

6       2.3     Oregon is the home state of the minor children.  They have lived in Oregon with

7   Petitioner and Respondent in the last 5 years and in no other state.  No other person claims

8   parental rights.  No other state would have jurisdiction.

9       2.4     Respondent was personally served a Summons and Petition for Dissolution and he

10  has appeared in this case.

11      3.      Statistical information:

12      Date and Place of Marriage:  1995 in Portland, Oregon

13      **PETITIONER:**                     Lisa J. O'Neill
        Former Name(s)                   UTCR 2.130
14      Age                              47
        Date of Birth                    UTCR 2.130
15      Residence                        911 SE 122nd #8, Portland, OR 97220

16      Social Security No.              UTCR 2.130
        Employer
17      Drivers License                  UTCR 2.130

18      **RESPONDENT:**                     Michael Madison O'Neill
        Former Name(s)                   N/A
19      Age                              48
        Date of Birth                    UTCR 2.130
20      Residence                        132 NE 57th , Portland, OR 97213

21      Social Security No.              UTCR 2.130

PAGE 2 -    GENERAL JUDGMENT OF DISSOLUTION OF       Steven Allen Smith, P.C.
            OF MARRIAGE, MONEY AWARD FOR             5745 Ne Glisan Street
            CHILD SUPPORT AND DIVISION OF            Portland, Oregon 97213
            PROPERTY                                 (503) 228-7256 Fax (503) 228-1540
                                                     sas@peace-making.com

**Exhibit 1**
**Page 2 of 30**

1     Employer                   O'Neills Tools

Drivers License           UTCR 2.130

2

3       4.     Two children were born of this marriage, namely: Alexis O'Neill born February 6,

2000 and Amanda O'Neill, born February 8, 2002.

4

5       4.1    The parties stipulated that Mother would have legal and physical custody of the

children.

6

7       5.     Wife is not now pregnant.

8       6.     For child support purposes the relevant facts are: The children do not receive state

assistance and the state has no assigned rights in this case.  The children will be residing with

9

10   Mother.  Father's gross monthly income is $2,000 per month.  Mother's gross monthly income is

imputed to be the minimum wage $1,525.  Mother has no work related daycare costs.  Mother

11

12   has the right to elect whom of the parties will provide health insurance for the children.  Mother

elects to have Mother maintain health insurance for the children through the Oregon Plan.  The

13

14   children are presently receiving health insurance on the Oregon Plan at no cost to the parties.

The children have uninsured health expenses that exceed $250 per year, per child due to

15

16   counseling expenses for the children.  Neither party has health or life insurance.  No other facts

are relevant to the determination of child support under the uniform support guidelines.

17

18      6.1    There is no reason to rebut the presumptively correct level of support.  The child

support calculation is attached to this general judgment as Exhibit 1, and by this reference

19

20   incorporated herein.

21      6.2    The parties have entered into a written agreement allowing that wage-withholding

PAGE 3 -    GENERAL JUDGMENT OF DISSOLUTION OF    Steven Allen Smith, P.C.
               OF MARRIAGE, MONEY AWARD FOR          5745 Ne Glisan Street
               CHILD SUPPORT AND DIVISION OF          Portland, Oregon 97213
               PROPERTY                            (503) 228-7256 Fax (503) 228-1540
                                                     sas@peace-making.com

**Exhibit 1**
**Page 3 of 30**

1  proceedings not be initiated against Father at this time for good cause: Father currently owes no

2  child support arrearage to Mother and Father has not been late in paying child support payments

3  to Mother.  Father understands that Mother retains the right to seek a wage-withholding order

4  upon Mother's ex-parte request against Father without advance notice to Father, or the need for a

5  judicial or an administrative hearing if Father fails to make payments at least equal to the amount

6  of support payable for one month, as per ORS 25.378 and ORS 25.396.

7      6.3    Over the past 5 years, the parties have averaged $21,859 in income.  This income

8  does not justify spousal support.

9      7.1    Husband and Wife each warrant that they have disclosed all of their assets and

10  obligations within their knowledge, that they are referred to within this document in Exhibit 2

11  and that they have reasonably stated the value of any assets and the amount of any obligation.

12  The parties state they have not transferred or placed in the hands of any other person under

13  express or implied agreement, trust or understanding, any asset of the parties without full

14  disclosure each to the other within this document.

15      8.    The children have been emotionally abused by being overly involved in the

16  divorce process.

17      **IT IS HEREBY ORDERED** that:

18      1.    **DISSOLUTION OF MARRIAGE.** The marital status of the parties is hereby

19  terminated.  The provisions of this general judgment are effective immediately.

20      1.1    **EFFECT ON WILLS.**  Any provision in a party's will which is now in force and

21  effect which benefits the now former spouse shall be deemed revoked.  This revocation shall

PAGE 4 -   GENERAL JUDGMENT OF DISSOLUTION OF
OF MARRIAGE, MONEY AWARD FOR
CHILD SUPPORT AND DIVISION OF
PROPERTY

Steven Allen Smith, P.C.
5745 Ne Glisan Street
Portland, Oregon 97213
(503) 228-7256 Fax (503) 228-1540
sas@peace-making.com

**Exhibit 1**
**Page 4 of 30**

1   cause the will to be interpreted as if the former spouse did not survive the testator, unless

2   reaffirmed in writing after the effective date of this Judgment.  ORS 112.135.

3       1.2     **EFFECT ON TRUSTS.**  Any provision in any trust created by or for the benefit

4   of a party which is now in force and effect which benefits the now former spouse shall be

5   deemed revoked, and the trust shall be interpreted as if the former spouse did not survive the

6   decedent, unless reaffirmed in writing after the effective date of this *Judgment.*

7       1.3     **EFFECT ON BENEFICIARY STATUS.**  Any designation of the now former

8   spouse as a beneficiary of any benefit is hereby revoked, except as designated in this General

9   Judgment.  This revocation of beneficiary status includes any designation made before or on the

10  date of this judgment.  This revocation of beneficiary status includes all possible designations,

11  for example and without limitation, retirement benefits, IRA accounts, life insurance policies,

12  annuities, or other assets where a party is able to designate a beneficiary to receive the proceeds

13  of that asset upon the death of that party.  The benefit shall be paid to the secondary or contingent

14  beneficiary or, if no beneficiary is named, then to the decedent's estate.  The surviving former

15  spouse shall cooperate with the decedent's estate in assuring this directive is completed,

16  specifically including the affirmative responsibility to disclaim, in writing, and within nine

17  months of the date of death to assure that the surviving former spouse does not receive any

18  benefit as a result of the decedent's failure to modify the beneficiary designation of the asset.

19  *NOTE: The foregoing provision may not apply to certain employment-related benefits covered by the*

20  *Employee Retirement Income Security Act of 1974 (ERISA).*

21      1.4     **EFFECT ON SURVIVORSHIP INTERESTS.**  Any survivorship interest or future

PAGE 5 -    GENERAL JUDGMENT OF DISSOLUTION OF     Steven Allen Smith, P.C.
            OF MARRIAGE, MONEY AWARD FOR           5745 Ne Glisan Street
            CHILD SUPPORT AND DIVISION OF          Portland, Oregon 97213
            PROPERTY                               (503) 228-7256 Fax (503) 228-1540
                                                   sas@peace-making.com

**Exhibit 1**
**Page 5 of 30**

1   expectancy interest which a party may have arising from an asset awarded to or in the name of the other

2   party is hereby revoked as of the date of this *Judgment* unless specifically ordered otherwise herein.

3        2.        **CHILD CUSTODY.** Mother shall have sole legal and physical custody of the

4   minor children, subject to Father's parenting time.

5        2.1    **PARENTING TIME.** The children need substantial therapeutic treatment

6   primarily to re-establish a relationship with Father, but also to address other emotional and

7   psychological issues. The children's therapy will be addressed by Dr. Wendy Bourg through the

8   therapeutic parenting time set forth herein. Father shall have parenting time according to the

9   schedule to be determined by Dr. Wendy Bourg. Dr. Bourg shall be in charge of the children's

10  therapy and shall coordinate their individual therapy with any separate therapists currently being

11  used or therapists engaged in the future until Dr. Bourg's therapy is concluded. Both parties shall

12  cooperate fully with the terms of therapy as directed by Dr. Bourg. Full cooperation includes,

13  without limitation, following Dr. Bourg's directions for care of the children between therapeutic

14  sessions, obeying the Restraint set forth below, providing immediate and full information about

15  existing and future therapists and therapies, scheduling each therapy session, timely transporting

16  the children to and from each therapy session, and cooperating fully in scheduling, participating

17  in each therapeutic session and payment of Dr. Bourg's billing statements within 30 days of

18  billing. Each party shall pay Dr. Bourg directly for their separate visits with Dr. Bourg. Each

19  party shall pay one half of Dr. Bourg's fees for the children's therapeutic visits by making

20  payment directly to Dr. Bourg. The initial payments may need to be made from the proceeds of

21  the first sale of real property. Failure to cooperate fully may be prosecuted as a contempt of

PAGE 6 -    GENERAL JUDGMENT OF DISSOLUTION OF    Steven Allen Smith, P.C.
            OF MARRIAGE, MONEY AWARD FOR           5745 Ne Glisan Street
            CHILD SUPPORT AND DIVISION OF          Portland, Oregon 97213
            PROPERTY                               (503) 228-7256 Fax (503) 228-1540
                                                   sas@peace-making.com

**Exhibit 1**
**Page 6 of 30**

1    court. Mother shall schedule appointments for the children with Dr. Bourg as Dr. Bourg directs.

2    Mother shall bring the children to the scheduled meetings with Dr. Bourg so that they arrive at

3    the time set and Mother shall pick the children up after therapeutic parenting time. The attorneys

4    for the parties shall be provided with reports updating the developments of the therapeutic

5    treatment, especially noting milestones indicating changes in the nature of the parenting time and

6    not less than every six months.

7        **2.2    RESTRAINT.** Both parties shall take personal responsibility for the behavior of

8    themselves and others in the presence of the minor children. Each parent will restrain themselves

9    and will remove a child from any situation in which others do any of the following:

10        **2.2.1    DEROGATORY COMMENTS.** Making any derogatory comments about the

11    other parent to a child or while the child is in that parents care and the child is within the

12    structure in which the conversation is occurring, or when outside of a structure, within 150 feet

13    (50 yards or one half of a football field) of the child. Derogatory comments includes acting in

14    any way to diminish the love, respect and affection that a child has for either parent.

15        **2.2.2    CHILD AS MESSENGER.** Using or responding to the child as a messenger of

16    communications to the other parent or receiving or making use of messages communicated by the

17    child.

18        **2.2.3    HARASSMENT.** Harassing the other parent.

19        **2.2.4    DISCUSSIONS IN THE CHILD'S HEARING.** Having substantive

20    discussions between the parties in the presence or hearing of the child. Substantive

21    conversations shall take place by telephone outside of the hearing of the child, when the child is

PAGE 7 -    GENERAL JUDGMENT OF DISSOLUTION OF
OF MARRIAGE, MONEY AWARD FOR
CHILD SUPPORT AND DIVISION OF
PROPERTY

Steven Allen Smith, P.C.
5745 Ne Glisan Street
Portland, Oregon 97213
(503) 228-7256 Fax (503) 228-1540
sas@peace-making.com

**Exhibit 1**
**Page 7 of 30**

1   not present or has gone to sleep.  While in the presence of a child of this marriage, the parties

2   shall not discuss parenting time arrangements, support, or the conduct or activities of either

3   parent.  No discussions shall occur during the parting time at pick up or delivery of the child

4   except greetings, pleasantries of the day, or discussions of the child's current immediate physical

5   or emotional well being essential to the child's care that have occurred within twenty-four hours

6   and cannot adequately be communicated telephonically before or after pick up.  The parent

7   having information to impart or obtain from the other parent will call and communicate with the

8   other parent either before or after the exchange of the child at a time when the child is likely to be

9   in bed asleep.

10      2.2.5  **QUESTIONING THE CHILD ABOUT THE OTHER PARENT.**  Question a

11   child for information about the child's household, the activities of the other party or to gather

12   information about the child's care, location, provisions or schedule.  All such information must

13   be discussed directly between the parents.  Both parents will support the child's relationship with

14   the other parent.  When the child voices discomfort, upset or any kind of problem with the other

15   parent, the parent receiving the message will: (1) comfort the child's emotional upset and

16   encourage her to talk about her feelings; (2) encourage the child to talk to the other parent and to

17   work it out with the other parent; (3) reassure the child that the other parent loves her and will

18   listen and be fair and kind to her and take her feelings and needs into account; (4) call the other

19   parent and inform them of the nature of the child's feelings, complaint and upset.

20      2.2.6  **EXCHANGE OF THE CHILD.**  The parent picking up or delivering the child

21   shall remain in the vehicle and shall require any passengers in the car to remain in the vehicle.

PAGE 8 -     GENERAL JUDGMENT OF DISSOLUTION OF    Steven Allen Smith, P.C.
               OF MARRIAGE, MONEY AWARD FOR         5745 Ne Glisan Street
               CHILD SUPPORT AND DIVISION OF         Portland, Oregon 97213
               PROPERTY                       (503) 228-7256 Fax (503) 228-1540
                                                  sas@peace-making.com

**Exhibit 1**
**Page 8 of 30**

1    2.2.7    **USE OF INTOXICANTS.**  Both parents are restrained from us of illegal drugs

2  or consumption of alcohol so as to exceed the legal driving limit during their parenting time.

3    2.3    **PARTICIPATION IN ACTIVITIES.**  Both parents shall have the right to

4  participate individually in any school conferences he or she may wish and shall also have the

5  right to attend any school functions and otherwise participate in the child's educational program.

6  However, Father shall not attend the children's activities until given written direction by Dr.

7  Wendy Bourg.

8    2.4    **MODIFICATION OF PARENTING TIME.**  Although the parties may agree

9  orally to any changes, such changes continue only so long as the agreement continues.  Upon

10  disagreeing, the terms set forth above continue to direct the parties' parenting time.  No

11  permanent modification of these specific parenting time conditions can occur unless such

12  modifications are in the form of an order signed by the Court.

13    2.5    **RETENTION OF CASE.**  Judge Kurshner shall retain this case to assure that the

14  parenting plan is given effect and modified as needed.

15    3.    **PARENTAL AUTHORITY.**  Each parent shall continue to have the following

16  authority, to the same extent as the other parent has:

17    3.1    To inspect and receive school records, and to consult with school staff concerning

18  the child's welfare and education.

19    3.2    To inspect and receive governmental agency and law enforcement records

20  concerning the child.

21    3..3    To consult with any person who may provide care or treatment for the child and to

PAGE 9 -    GENERAL JUDGMENT OF DISSOLUTION OF    Steven Allen Smith, P.C.
OF MARRIAGE, MONEY AWARD FOR    5745 Ne Glisan Street
CHILD SUPPORT AND DIVISION OF    Portland, Oregon 97213
PROPERTY    (503) 228-7256 Fax (503) 228-1540
    sas@peace-making.com

**Exhibit 1**
**Page 9 of 30**