UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) [ONLY FOR CHAPTER 13 CASES]
) DEBTOR'S ATTORNEY'S DISCLOSURE
) OF COMPENSATION AND ANY
) EMPLOYMENT AGREEMENT, AND
) APPLICATION FOR COMPENSATION,
Debtor(s) ) UNDER 11 USC §329 AND FRBP 2016(b)

Debtor's attorney discloses compensation paid or to be paid in the above referenced case. Debtor and debtor's attorney have agreed to attorney compensation, and ☐ have ☐ have not entered into an employment agreement. **A copy of the employment agreement, if any, is attached hereto.**

The applicable schedule for the fee agreement between debtor and debtor's attorney is indicated below. If Schedule 1 or Schedule 2 is selected, debtor(s), acting by and through the undersigned counsel, apply to the court for an order authorizing the compensation specified therein.

**SCHEDULE 1:** The total fee request is $_____ ($4,750 maximum). This amount represents all fees for the entire life of the case except for appeals or any adversary proceeding. Debtor has agreed to pay fees of $_____ ($4,750 maximum) and expenses of $_____ for a total of $_____. Debtor (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

**SCHEDULE 2**: Regarding all services rendered through confirmation of the plan plus the initial audit of claims, debtor and debtor's attorney have agreed upon:
(a) a flat fee (i.e., requiring no itemization) of $_____ ($3,450 maximum). Debtor and debtor's attorney have agreed that post-confirmation services (after the initial audit of claims) will be charged as specified in the attached agreement or, if there is no written agreement, as follows:

(b) an estimated total fee of $_____ and expenses of $_____. Time records must be kept for all work performed both "pre" and "post" petition. Such records may be requested by the court at any time, and must show the time and rate applied to each service rendered. If the estimated fee exceeds $3,450, an itemized statement showing the time and hourly rate applied to each service rendered must be filed with the court not less than one week prior to the final confirmation hearing.

Debtor (specify) _____ has paid $_____, leaving $_____ to be paid through the plan.

1305 (12/1/12) **Page 1 of 2**          ***SEE NEXT PAGE***

**SCHEDULE 3:** [COMPLETE ONLY IF CURRENT ATTORNEY WAS RETAINED AFTER CONFIRMATION OF A PLAN.] Debtor and debtor's attorney have agreed to fee arrangements as follows:

    Debtor    (specify) _____ has paid $_____, leaving $ _____ to be paid through the plan.

[If the services specified in a previously submitted Schedule 1 or Schedule 2 (through confirmation and the initial audit of claims) were not completed] The debtor, the debtor's former attorney, and the debtor's current attorney have agreed to the following with respect to the former attorney's fees and will apply for any necessary court order for approval:

**IMPORTANT**:

1. No additional compensation requests will be granted if SCHEDULE 1 is selected, or after a final application is filed if SCHEDULE 2 or SCHEDULE 3 is selected.

2. Supplemental applications for compensation: (a) may only be filed if SCHEDULE 2 or SCHEDULE 3 is selected; (b) will not be considered unless the application is clearly marked as a final compensation application, or unless the supplemental compensation requested is more than $500 and at least 6 months have expired since the filing of the case or since the filing of any earlier application; and (c) must be filed using LBF #1307, including an itemization of all services previously performed for which no previous itemization and application has been filed.

I certify there is no agreement to share compensation with any other person, except with a regular member, partner, or associate of my attorney firm, except as follows (provide details):

I further certify that on _____ a copy of this document was served on the debtor(s) and trustee.

DATED:_____

                                                                           Debtor's Attorney

# CHAPTER 13 FEE AGREEMENT
# MOTSCHENBACHER & BLATTNER, LLP

Please note: this fee agreement with Motschenbacher & Blattner, LLP is not a "flat fee" agreement. All services will be billed on an hourly basis, and your actual fee may be more than anticipated due to the facts of your case as the case develops.

ATTORNEY: TROY G. SEXTON, OSB # 115184
NICHOLAS J. HENDERSON, OSB # 074027
MOTSCHENBACHER & BLATTNER, LLP

This AGREEMENT is made between the undersigned Client, the law firm of Motschenbacher & Blattner, LLP, herein referred to as the LAW FIRM or ATTORNEY and other paraprofessionals (including paralegals and accountants), herein referred to as STAFF, as may from time to time be designated by the Law Firm to assist in the preparation and completion of Client's case.

Client employs the Law Firm and Staff to represent Client in the preparation and filing of a Chapter 13 case under the U.S. Bankruptcy Code.

Client grants to the Law Firm, Troy G. Sexton, #115184 and Nicholas J. Henderson, #074027, power of attorney to execute and endorse all necessary documents, including pleadings, commercial paper, negotiable instruments including checks made payable to Client, settlement agreements, releases, verifications, dismissals, and all documents that the Law Firm could otherwise properly execute in connection with representation of the Client.

If the Client is husband and wife filing jointly, the Law Firm may make refund checks (if any) to either client or to both clients, after deducting any sums owing from Client to the Law Firm.

Client acknowledges that any fee estimates given are estimated only. Actual fees will be determined by the hours required to represent the Client, but Attorney estimates that the fees shall be no less than $5,000.00.

HOURLY RATES. Client agrees to pay for services rendered on an hourly basis as follows:

| Name | Role | Rate |
|---|---|---|
| Anthony J. Motschenbacher | Partner | $350.00 / hour |
| Christopher C. S. Blattner | Partner | $350.00 / hour |
| Gregory J. Englund | Partner | $350.00 / hour |
| Nicholas J. Henderson | Partner | $295.00 / hour |
| Alex C. Trauman | Associate | $240.00 / hour |
| Troy G. Sexton | Associate | $250.00 / hour |
| Legal Assistants | Staff | $100.00 / hour |

These hourly rates are subject to periodic adjustment to reflect economic conditions and increased experience and expertise in this area of law and may increase from time to time.

Motschenbacher & Blattner, LLP, will seek to minimize costs by using legal assistants where appropriate. Client acknowledges and consents to the use of legal assistants to work on the Client's file. If attorney perform services that would ordinarily be performed by a legal assistant, the rates charged for such services will be a rate equal to the rate charged for legal assistants plus one half of the difference between the legal assistant rate and the rate charged by the attorney performing the work ordinarily performed by staff.

If the Chapter 13 case is dismissed or converted to another chapter, Client agrees to pay all Chapter 13 attorney fees incurred, but no less than $5,000.00. Fees incurred may include fees which may not have been submitted to the Bankruptcy Court for approval. All fees incurred are immediately due and payable upon dismissal of Client's case.

Attorney and Client agree that the existence of this Agreement shall be adequately disclosed to the Court and other interested parties.

Client further agrees to pay all costs in connection with the case, including the filing fee, fees related to service of process, necessary travel costs, copying, expert fees, etc. Client has been informed and acknowledges that Attorney has no responsibility to hire outside professionals such as appraisers, accountants, bookkeepers, expert witnesses, etc., unless those costs are paid in advance by the Client to the Attorney.

Client agrees to cooperate with Attorney to complete all forms requested by the Attorney and to provide the Attorney with all information necessary to enable the Attorney to represent the Client's best interests. If Client unreasonably declines to cooperate, or should knowingly provide the Attorney with false or fraudulent information or testify untruthfully in any matter before the Court, the Client agrees that Attorney shall have the right to immediately resign.

Attorney does not agree to represent Client in any action except in the Bankruptcy Court, unless otherwise acknowledged in writing and signed by the Attorney. Specifically, Client and Attorney agree that Attorney does not have any responsibility to file any appeals from adverse decisions rendered against Client in the Bankruptcy Court. Attorney does not agree to represent Client with respect to any action or proceeding pending in any state court or tribunal, whether prior to or after the bankruptcy is filed.

THE ATTORNEY DOES NOT UNDERTAKE TO GIVE THE CLIENT TAX ADVICE. CLIENT AGREES TO CONSULT ITS OWN ACCOUNTANT OR COMPETENT TAX COUNSEL, WITH RESPECT TO ALL TAX ISSUES.

Client agrees that this Agreement shall terminate and Attorney shall be authorized to resign from Client's representation if the Bankruptcy Court should rule that Client cannot, as a matter of law, either through the Plan or outside the Plan, make periodic payments on a monthly basis during the life of Client's Chapter 13 Plan to compensate Attorney for Attorney's time expended on behalf of Client. Client agrees that Attorney has undertaken Client's representation based on Attorney's good faith interpretation of the Bankruptcy Code to permit Client to pay Attorney's fees in periodic payments through Client's Plan or in periodic payments outside the Plan as part of Client's "other reasonable and necessary expenses." In reliance on that interpretation, Attorney has not required Client to pay in advance all of Attorney's projected fees for the life of the case.

CLIENT HEREBY ASSIGNS TO THE FIRM OF MOTSCHENBACHER & BLATTNER, LLP, ALL OF THE CLIENT'S RIGHT IN AND TO ANY FUNDS HELD BY THE TRUSTEE. IN THE EVENT CLIENT'S CHAPTER 13 CASE IS DISMISSED OR CONVERTED TO ANOTHER CHAPTER, CLIENT DIRECTS THE TRUSTEE TO PAY OVER ALL FUNDS ON HAND TO MOTSCHENBACHER & BLATTNER, LLP. CLIENT GIVES THE LAW FIRM, TROY G. SEXTON, #115184 AND NICHOLAS J. HENDERSON, #074027 THE POWER TO ENDORSE ANY TRUSTEE OR OTHER REFUND CHECKS AND TO APPLY SUCH PROCEEDS TO ATTORNEY FEES AND COSTS.

Client agrees to pay all allowable fees to the Law Firm each time a check to the Law Firm is returned unpaid.

If permitted by law, should either party find it necessary to take steps to enforce this Agreement, the costs of doing so, including reasonable Attorney's fees, before trial, at trial and/or on appeal, as determined by the Court, will be borne by the losing party. Client agrees that any time reasonably expended by Attorney to collect Attorney's fees under this Agreement, including time expended in presenting fee applications, defending Attorney's rights under this Agreement, including enforcement of rates, liens or amounts or applications of retainers, shall be deemed time rendered on behalf of the Client and compensable on the terms and conditions hereunder, it being Client's intention to compensate Attorney at Attorney's regular rates for any time Attorney must expend to enforce this Agreement which was expressly made for the mutual benefit of Client and Attorney.

Notwithstanding any language in this Agreement, Attorney shall have and expressly reserves all statutory and common law liens applicable with respect to payment and collection of Attorney's fees.

EFFECTIVE: April 25, 2014

SIGNED: _____
[Client name]

SIGNED: _____
[Client name]

H:\TSEXTON\FORMS\BANKRUPTCY\CH13 FEE AGREEMENT HOURLY.DOC